IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARQUIS ENERGY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RAYEMAN ELEMENTS, INC. and PVD LENDER, LLC,<br><br>    Defendants. | 8:21CV426<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant PVD Lender, LLC's ("PVD Lender") Motion to Dismiss (Filing No. 15) plaintiff Marquis Energy, LLC's ("Marquis") claims against it for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Marquis opposes dismissal (Filing No. 21). For the reasons stated below, PVD Lender's motion is granted in part and denied in part.

**I. BACKGROUND**[1]

Marquis produces animal-feed products. Defendant Rayeman Elements, Inc. ("Rayeman") develops the technology and equipment for producing such products. In 2018, they entered into a contract under which Rayeman agreed to provide some equipment to Marquis. A dispute arose when Rayeman breached the contract. The parties settled, but Rayeman failed to pay Marquis as required.

Marquis sued for damages in Illinois state court and, on July 30, 2020, obtained a judgment of $1,266,660, plus costs for execution. About four months later, Marquis domesticated the judgment in state court in Colorado where Rayeman is based. Marquis

---

[1]On a motion to dismiss, the Court accepts the truth of the plaintiff's well-pleaded allegations and draws all reasonable inferences in their favor. *See Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022).

successfully garnished $2,114.62 from a Rayeman bank account in Colorado, leaving an unpaid balance of $1,264,097.49 excluding interest.

In February 2021, Marquis served post-judgment interrogatories on Rayeman, asking about Rayeman's interest in Nationwide 5, LLC ("NW5"), a Nebraska limited liability company, formed to hold Rayeman's technology patents—valued at more than $4,300,000. Rayeman held a 50% membership interest in NW5. It owned the company with James Trotter, Gaylord Boileson, and Thomas Kruml, who the parties identify as the "Ord Group" based on their connection to Ord, Nebraska. In addition to collectively holding a 50% membership interest in NW5, the members of the Ord Group (and one other person) own PVD Lender, another Nebraska limited liability company.

Rayeman did not fiddle while Marquis worked. On March 8, 2021, Rayeman answered the interrogatories and advised Marquis that Rayeman had recently pledged its "ownership in NW5 in order to secure a loan to pay settlement." More specifically, Rayeman and its principals obtained a $2,100,000 loan from PVD Lender to fund a settlement they entered into with another creditor, Livestock Nutrition Centers, LLC.

To secure the loan, Rayeman pledged its 50% interest in NW5 as collateral. Under the terms of the loan, PVD Lender would receive $1,000,000 by April 1, 2021. Full payment was due June 1, 2021. In the event of a payment default, PVD Lender could accept Rayeman's ownership interest in NW5 in satisfaction of the debt. PVD Lender perfected its security interest by filing a UCC-1 Financing Statement covering all of Rayeman's present and future assets twenty minutes before Rayeman answered Marquis's interrogatories.

On April 19, 2021, Marquis domesticated its judgment against Rayeman in Nebraska. A few weeks later, a Nebraska court issued an order charging Rayeman's transferrable interests in NW5 with the unsatisfied judgment amount, creating a lien on those interests. The order was served on NW5 on May 14, 2021.

Rayeman defaulted on its payment obligations to PVD Lender. On June 3, 2021, PVD Lender proposed to accept Rayeman's pledged collateral in full satisfaction of its outstanding debt of $2,152,500. *See* Neb. Rev. Stat. UCC § 9-620. It copied Marquis on the proposal. Marquis objected, and the transfer never took place. Marquis argues the whole loan transaction was a ruse to avoid its judgment lien. PVD Lender denies any intent to defraud, claiming it merely sought to secure the repayment of its loan.

On November 5, 2021, Marquis filed (Filing No. 1) this action against Rayeman and PVD Lender, asserting five causes of action: (1) "Declaratory Judgment – Invalid/Voidable Pledge" under Nebraska Revised Statutes § 21-141(f), (2) voidable transaction under the Nebraska Uniform Voidable Transactions Act ("NUVTA"), Neb. Rev. Stat. § 36-801 *et seq.*, (3) aiding and abetting, (4) violation of the Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA"), Neb. Rev. Stat. § 87-301 *et seq.*, and (5) unjust enrichment. PVD Lender moves to dismiss all five causes of action with prejudice.

## II. DISCUSSION

### A. Legal Standards

PVD Lender moves to dismiss Marquis's claims for failure to state a claim. The federal rules generally require notice pleading. *See Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020). The primary function of the complaint "is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Most claims for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not provide "detailed factual allegations" but must give "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a plaintiff alleges fraud, the complaint "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Those circumstances include "such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018) (quoting *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1070 (8th Cir. 2016)).

In other words, "[t]he complaint must plead the 'who, what, where, when, and how' of the alleged fraud." *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims . . . to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 739 (8th Cir. 2020) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the Rule." *Ambassador Press*, 949 F.3d at 421 (quoting *Schaller Tel. Co. v. Golden Sky Sys. Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although the Court accepts the plaintiff's well-pleaded facts as true, it is "not bound to accept the truth of legal conclusions couched as factual allegations." *Delker*, 21 F.4th at 1024. A claim is facially plausible when supported by sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When ruling on a mine run Rule 12(b)(6) motion, the Court considers "only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012)). In a case involving a contract dispute, that ordinarily includes the contract documents—whether attached to the complaint or not. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). "This is true even if contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory or common law duty." *Id.*

B. Notice

PVD Lender first argues the complaint "should be dismissed in its entirety as it fails" to give proper notice because it "does not specify which claims for relief are stated against which defendants, nor . . . adequately inform either party of what unlawful actions allegedly form the basis for each claim for relief." In particular, PVD Lender complains Marquis refers to it and Rayeman collectively as "defendants," making it "impossible to distinguish which causes of action are alleged against which defendant and upon what basis the claims are brought."

PVD Lender has a point. To plead effectively, a plaintiff must provide sufficient factual support for each cause of action alleged and should take care to differentiate between defendants as needed to state the specific grounds for its claims. *See, e.g.*, *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (affirming dismissal where the complaint consisted "almost entirely of non-specific conclusory allegations—mostly against the [named defendants] as a group"); *Olin*, 910 F.3d at 1075 (8th Cir. 2018) ("Particularly in cases with multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" (quoting *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015))). At the very least, the plaintiff must ensure their specific claims against each individual defendant are warranted and their factual allegations have adequate evidentiary support. *See* Fed. R. Civ. P. 11(b).

That said, the Court is not convinced it must dismiss the complaint as a whole. Marquis's relatively limited use of generic allegations do not—as PVD Lender contends—make it "impossible" to sort through Marquis's claim. PVD Lender is one of just two defendants. Marquis's allegations largely focus on a fairly simple loan transaction with only one lender and one borrower. For the most part, each defendant's role in the alleged transaction is clear, and Marquis's allegations of wrongdoing are straightforward.

Satisfied Marquis's pleading deficiencies do not warrant a blanket dismissal, the Court now turns to PVD Lender's more-specific arguments for dismissal.

### C. Declaratory Judgment

In its first cause of action, Marquis seeks a declaration that (1) NW5's operating agreement does not permit Rayeman to pledge its membership interest as collateral for a loan and (2) Rayeman's transfer to PVD Lender is void under Nebraska law. In support, Marquis relies on § 21-141(f), which provides, "A transfer of a transferable interest in violation of a restriction on transfer contained in the operating agreement is ineffective as to a person having notice of the restriction at the time of transfer."

PVD Lender contends Marquis fails to show that its "claims are legally cognizable and entitle" it to relief. PVD Lender emphasizes that the operating agreement does not expressly prohibit a member from pledging its membership interest as collateral for a loan. PVD Lender asserts the operating agreement permits transfer upon notice to NW5 and the approval of the remaining members holding a majority interest. According to PVD Lender, Marquis's allegations establish that Rayeman had the necessary approval of the owners of 100% of the membership interests in NW5 before the transaction.

Marquis disputes PVD Lender's interpretation of the operating agreement. In Marquis's view, PVD Lender's "substantive attack is improper at the present stage as the inquiry is whether the Complaint contains sufficient facts to put PVD [Lender] on notice

6

of [its] claim." Marquis's sweeping reliance on Rule 8(a)'s notice requirement is misplaced.

Notice is necessary but not necessarily sufficient to state a viable cause of action under the federal rules. To withstand a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) ("[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."). Marquis has not cited any support for its novel assertion that § 21-141(f) authorizes a third-party judgment creditor—that is neither a party to an operating agreement nor connected in any way to the underlying interest transfer—to interject itself into the internal affairs of the parties to the operating agreement and void their purported transfer of a security interest through a declaratory-judgment action (either state or federal).

Marquis's first cause of action is dismissed with prejudice.

### D. NUVTA Claim

Marquis's second cause of action fares a little better. PVD Lender argues Marquis fails to allege that PVD Lender's security interest is voidable under NUVTA. According to PVD Lender, Marquis fails to state a claim under § 36-805(a)(1) because it does not plausibly allege that Rayeman granted the security interest "with actual intent to hinder, delay, or defraud" Marquis and fails to state a claim under § 36-805(a)(2) because Rayeman received "reasonably equivalent value in exchange for the" loan obligation and security interest. PVD Lender further contends Marquis's allegations establish that PVD Lender took the security interest "in good faith and for reasonably equivalent value." *See id.* § 36-809.

7

The argument is unavailing. PVD Lender's proposed defense does not—as it suggests—decisively appear on the face of the complaint. PVD Lender may ultimately be able to prove its repeated claims of legitimacy, fair value, and good faith. But Marquis's factual allegations sufficiently put those matters at issue to state a plausible claim for relief under NUVTA.

### E. Remaining Claims

Marquis's three remaining claims fall short. In its last statutory claim, Marquis alleges—in just two claim-specific allegations—that "Defendants actions set forth more fully above are deceptive as set forth in" § 87-306(a)(16) and that Marquis "is entitled to the remedies set forth in Neb. Rev. Stat. § 87-303," including an injunction and attorney fees. But Marquis has not shown that any of PVD Lender's alleged actions qualify as a deceptive trade practice under Nebraska law. Section 87-302(a)(16) provides

> A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she . . . [u]ses any scheme or device to defraud by means of:
>
> (i) Obtaining money or property by knowingly false or fraudulent pretenses, representations, or promises; or
>
> (ii) Selling, distributing, supplying, furnishing, or procuring any property for the purpose of furthering such scheme[.]

Marquis does not allege sufficient facts to plausibly bring PVD Lender's alleged conduct within the statute. Marquis's definition of fraud is far too broad in this context, and Marquis fails to establish a reasonable probability that Nebraska courts would apply NUDTPA in the unusual circumstances of this case as pleaded.

The same is true for Marquis's claims for aiding and abetting and unjust enrichment. *See*, *e.g.*, *Salem Grain Co., Inc. v. Consol. Grain & Barge Co.*, 900 N.W.2d 909, 924 (Neb. 2017) (explaining an aiding-and-abetting claim requires an underlying tort and rejecting the assertion that a statutory violation is sufficient to sustain such a claim); *Concrete*

*Leveling Sols., L.L.C. v. Main St. Properties, L.L.C.*, No. A-20-841, 2021 WL 4557095, at *7 (Neb. Ct. App. Sept. 30, 2021) (stating unjust-enrichment "claims are viable only in limited circumstances"). Marquis's claims are largely inchoate and amount to little more than labels and unsupported legal conclusions. The unjust-enrichment claim consists of just one claim-specific allegation that is, in essence, merely a formulaic recitation of the elements of the claim under Nebraska law. That does not suffice. *See Delker*, 21 F.4th at 1024 ("Stating an adequate claim for relief requires more than 'a formulaic recitation of the elements of a cause of action.'" (quoting *Twombly*, 550 U.S. at 555)).

In light of the foregoing,

IT IS ORDERED:

1. PVD Lender, LLC's Motion to Dismiss (Filing No. 15) is granted in part and denied in part.
   a. Plaintiff Marquis Energy, LLC's claims for declaratory judgment based on § 21-141(f), aiding and abetting, alleged violations of NUDTPA, and unjust enrichment are dismissed with prejudice.
   b. PVD Lender's motion to dismiss is denied in all other respects
2. PVD Lender shall file an answer on or before March 21, 2022.

Dated this 7th day of March 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge