IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARQUIS ENERGY, LLC,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PVD LENDER, LLC,<br><br>　　　　　　Defendant. | **8:21CV426**<br><br>**MEMORANDUM AND ORDER** |

Pending before the court is Plaintiff's motion to amend the final progression order; specifically, the written discovery deadline, deposition deadline, and dispositive motion deadline. (Filing No. 57). For the reasons stated below, the motion will be granted in part and denied in part.

BACKGROUND

Plaintiff Marquis Energy, LLC ("Marquis") brought the present lawsuit against PVD Lender, LLC ("PVD") and Rayeman Elements, Inc. ("REI") in November 2021. PVD filed a motion to dismiss which was granted in part and denied in part, and PVD filed an answer and crossclaim against REI on March 21, 2022. REI has not entered an appearance or otherwise responded.

The court entered a final progression order on April 29, 2022, which set, in relevant part, the following progression deadlines:

　Deadline for written discovery: October 31, 2022
　Deadline for fact depositions: December 1, 2023
　Deadline for dispositive motions: May 1, 2023

1

([Filing No. 37](#)). In the late summer/early fall of 2022 the parties served written discovery requests in compliance with the Final Progression Order. ([Filing Nos. 58-1](#), [61-1](#)). On October 31, 2022, the date of the written discovery deadline, counsel for Marquis emailed counsel for PVD requesting additional time to respond to PVD's discovery requests. ([Filing No. 58-2](#)).

On November 23, 2022, counsel for both parties participated in a telephone call to discuss the discovery deadlines. ([Filing Nos. 58-1](#), [61-1](#)). The parties do not agree on the outcome of that call—Marquis contends the parties agreed to a three-month extension of the discovery deadlines in question, ([Filing No. 58-1](#)), while PVD contends it agreed to an additional 2-3 months for Marquis to respond to the pending discovery requests, but an agreement as to other progression deadlines was not reached. ([Filing No. 61-1](#)). The parties agree that counsel for Marquis was responsible for drafting a stipulated extension of discovery deadlines for PVD's review, but that Marquis failed to do so. ([Filing Nos. 58-1](#), [61-1](#)). Marquis served responses to PVD's discovery requests on March 7, 2023. Id.

Counsel for the parties participated in a call on March 9, 2023, to discuss, among other things, case progression. ([Filing Nos. 58-1](#), [61-1](#)). An agreement as to case progression could not be reached and Marquis filed the present motion.

ANALYSIS

Marquis now moves the court to extend the written discovery deadline, deposition deadline, and dispositive motion deadline arguing that good cause exists as it has diligently pursued this action and there is limited prejudice to PVD. ([Filing No. 57](#)). In contrast, PVD opposes the motion arguing that further extending the current case progression deadlines will prejudice PVD by impacting its ability

to adequately analyze PVD's position in a related state court lawsuit involving third parties. ([Filing No. 60](#)).

As a preliminary matter, it appears there was a miscommunication between counsel for the parties during the November 2022 phone conversation in which Marquis contends the parties agreed to a three-month extension of the deadlines at issue and PVD contends no such informal agreement was reached. The current dispute exemplifies the precise reason for paragraph 12 of the court's progression order in this case. Pursuant to that order, "[a]ll requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. . . ." ([Filing No. 37](#), ¶ 12). While the court is generally willing to honor an informal agreement as to case progression reached by counsel for all parties, when the parties fail to formalize their agreement, they do so at their peril. If a dispute arises later regarding the terms of agreement, the court will not hold a hearing to determine which attorney's memory is correct. Instead, it will enforce the discovery deadlines within the progression order filed of record.

Even if the court assumes the discovery deadlines were extended three months by agreement of the parties, those deadlines passed before Marquis moved to extend the deadlines. With the three-month extension, the written discovery was January 30, 2023, and the fact deposition deadline was March 1, 2023.

So, assuming the deadlines were extended, the court next considers whether the deadlines should be further extended.[1]

---

[1] Marquis does not indicate how much additional time it seeks in the present motion.

Pursuant to Rule 16(b)(4), a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence [in attempting to meet the order's requirements] being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Marquis contends it seeks an extension of the remaining deadlines to conduct depositions on PVD members, issue a subpoena and depose a third-party, Nationwide 5, LLC, and file a dispositive motion if the parties are unable to resolve their claims. (Filing No. 57). However, Marquis has failed to show diligence in meeting the current case progression deadlines and why the discovery it contends remains outstanding could not have been completed within the current deadlines. Rather, Marquis simply contends the case docket illustrates its diligence through the filing of various documents relating to defaulted defendant REI, which it contends was an unexpected procedural issue.

The court is not convinced. Marquis has presented little evidence as to why it did not pursue the discovery it now seeks between April 29, 2022, the date of the original case progression order, and the date of the filing of the current motion. Additionally, Marquis has provided minimal information about the discovery it seeks to pursue, nor does it indicate the amount of time needed to pursue it. As Marquis has failed to show good cause under Rule 16(b)(4), the court need not consider the extent of prejudice to PVD.

4

The summary judgment deadline passed while this motion was pending. Since additional discovery could have altered the parties' submissions on summary judgment, and the parties did not know if additional discovery would be permitted prior to the entry of this order, the court will grant an extension of the dispositive motion deadline.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to amend, ([Filing No. 57](#)), is granted in part and denied in part as follows:

    a. Plaintiff's motion to amend the discovery deadlines in the final progression order, ([Filing No. 37](#)), is denied.

    b. The deadline for filing motions to dismiss and motions for summary judgment is June 8, 2023.

    c. All other deadlines in the Final Progression Order ([Filing No. 37](#)) remain unchanged.

2) A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on May 18, 2023 at 10:00 a.m. by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

May 9, 2023.                         BY THE COURT:

                                     *s/ Cheryl R. Zwart*
                                     United States Magistrate Judge