IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARQUIS ENERGY, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>PVD LENDER, LLC,<br><br>        Defendant. | **8:21CV426**<br><br>**MEMORANDUM AND ORDER** |

Pending before the court is Plaintiff's Motion to Strike certain evidence Defendant submitted in support of its motion for summary judgment. (Filing No. 84). For the following reasons, the motion will be denied. Plaintiff will be granted leave to file a surreply in opposition to Defendant's motion for summary judgment.

BACKGROUND

On October 3, 2022, Defendant responded to Plaintiff's discovery requests. (Filing No. 77-3; Filing No. 77-4). On April 10, 2023, Plaintiff requested an extension of discovery deadlines, which was granted in part and denied in part. (Filing No. 57; Filing No. 64). The undersigned extended the deadline for filing dispositive motions but did not extend or reopen the deadlines for completing discovery or filing motions to compel. (Filing No. 37).

Defendant timely filed a motion for summary judgment on June 8, 2023. (Filing No. 68). In response to the motion, Plaintiff argued:

> [T]here is no record evidence before this Court of the underlying contract with LNC, any demand(s) made by LNC to Rayeman (or any other party) or the actual settlement agreement executed with LNC that provides the basis for the LNC Settlement Payment. Without this underlying information, multiple issues of material fact exist with

respect to any claim for reasonably equivalent value or good faith findings.

([Filing No. 74 at CM/ECF p. 2](#)). With its reply, Defendant filed the Supplemental Declaration of Thomas S. Kruml, with two exhibits attached. Exhibit A is the Equipment Purchase and License Agreement between Livestock Nutrition Centers, LLL, Nationwide 5, LLC, (NW5) and Rayeman Elements, Inc. Exhibit B is a Settlement and Release Agreement between the same entities. ([Filing No. 80](#); [Filing No. 82](#)). There is no dispute that the documents in the Supplemental Index ("the Documents") were not previously disclosed by Defendant to Plaintiff.

On July 26, 2023, Plaintiff filed a motion to strike the Documents or, in the alternative, reopen discovery and permit it to conduct the deposition of Thomas S. Kruml in relation to Defendant's discovery responses, Kruml's supplemental declaration ([Filing No. 82-1 at CM/ECF pp. 1-4](#)), Exhibit A ([Filing No. 82-2](#)), and Exhibit B ([Filing No. 82-3](#)). Plaintiff asserts there is good cause to reopen discovery and stay a ruling on the pending Motion for Summary Judgment to fully investigate the newly disclosed evidence to "cure the unfair prejudice" to Plaintiff. ([Filing No. 84](#)).

## ANALYSIS

Plaintiff asserts Defendant filed and is relying on information not previously disclosed to support its Motion for Summary Judgment. Plaintiff believes Defendant was required to disclose the Documents in response to Plaintiff's discovery requests, specifically Request for Production 10, 19, or 25. Plaintiff asks the court to sanction Defendant under Rule 37(c)(1) and its inherent authority by striking the index of evidence submitted by Defendant with its reply.

Defendant argues: 1) Marquis' discovery did not request the documents filed in the supplemental index; 2) Rule 37(c) does not provide Marquis the relief it seeks; and, 3) if Rule 37(c) applies, the lack of production was substantially justified and harmless.

In its response to Defendant's Motion for Summary Judgment, Plaintiff asserts the record submitted by Defendant in support of the motion was "incomplete, at best." (Filing No. 75 at CM/ECF p. 5; Filing No. 78 at CM/ECF p.3) Plaintiff argues the absence of certain documents creates a genuine issue of material fact, and that Defendant's motion should be denied on that basis. Directly responding to this argument, Defendant filed the Documents as a Supplemental Index with its reply, asserting it "gratuitously provided the documents for the purpose of showing that Marquis's argument was lacking not only legal foundation but factual foundation." (Filing No. 86 at CM/ECF p. 2). Defendant maintains that since the Documents are not relevant to this case and it "still questions their relevancy," they were not disclosed or served prior to the reply brief. (Filing No. 86 at CM/ECF p. 4). Defendant asserts "the inclusion or omission of these documents makes no fact of consequence in this matter more or less likely" and it does not need to rely on these documents to meet its burden in support of the motion for summary judgment. (Filing No. 86 at CM/ECF p. 4). Defendant asserts it filed the Documents as a Supplemental Index "to dispel any doubt as to the relevancy or necessity of these documents" when deciding the merits of Defendant's motion for summary judgment. (Id.).

To summarize, Plaintiff asserts an issue of fact exists because Defendant did not file the Documents, and Defendant then filed the Documents to prove they are not relevant.[1]

The initial question before the undersigned magistrate judge is whether Defendant was obligated to disclose the Documents during the discovery phase of this case, either as mandatory disclosures or in response to Plaintiff's discovery requests. A party need not serve discovery to obtain all documents the opposing party "may use to support its claims or defenses." A party which intends to use documents to support or defend a case must disclose those documents at the outset. Fed. R. Civ. Pro. 26 (a). In addition to the mandatory disclosures under Rule 26, a party is obligated to fully respond to written discovery. As the case progresses, a party has a continuing duty to supplement or correct its mandatory disclosures and written discovery responses.

Here, Defendant states the Documents are not relevant to the claims raised, and they were filed with its reply in support of summary judgment solely to refute Plaintiff's claim to the contrary. In other words, Defendant did not and does not intend to use the Documents in defense of this case and as such, it had no obligation to produce them as mandatory disclosures.

Plaintiff claims, however, that Defendant was required to produce the Documents in response to Plaintiff's Requests for Production 10, 19, or 25. The most specific of these requests, Request No. 10, cannot reasonably be interpreted without understanding the basic factual background of this case.

---

[1] The sole question addressed in this opinion is whether the Documents must be stricken or, in the alternative, discovery reopened because Defendant was obligated to disclose the Documents during discovery and failed to do so. As explained herein, the Documents will not be stricken. The presiding district judge will decide whether they are relevant to the arguments raised in Defendant's motion for summary judgment.

4

In this case, PVD loaned Rayeman and NW5 money to pay settlement amounts owed to Livestock Nutrition Center (LNC). The Rayeman/NW5—LNC settlement resolved a claim that Rayeman and NW5 had breached duties owed to LNC under an Equipment Purchase and License Agreement between the parties. The Rayeman/NW5—LNC settlement agreement and the Equipment Purchase and License Agreement are the Documents filed as a Supplemental Index with Defendant's Reply.

Plaintiff's Request for Production No. 10 demanded production of "all documents that refer or relate to any loan, advance, promise of a transfer, or transfer of any funds from PVD Lender to Rayeman, including but not limited to the loan extended by PVD Lender to Rayeman relating to its settlement with Livestock Nutrition Centers, L.L.C." ([Filing No. 77-4 at CM/ECF p.4](#)). Plaintiff claims Request No. 10 demands production of the Documents; Defendant argues Request No. 10 asks for all documentation of any loan or fund transfer made by PVD Lender to Rayeman.

The Documents themselves do not reference any advance of funds from PVD to pay the amounts owed by Rayeman/NW5 under their settlement agreement with LNC. And the Documents do not mention any security interest in Rayeman's property granted to PVD to secure a loan. At most, the Documents explain why Rayeman wanted to borrow money from PVD. If the court applies a very broad interpretation of Request No. 10, the Documents could be considered "related to" the loan extended by PVD to Rayeman. But Request No. 10 does not request the Documents with specificity. The court further finds that Defendant's interpretation of Request No. 10—that it demanded production of the Rayeman-PVD loan documentation (which Defendant did produce)—is the more reasonable interpretation of that discovery request.

Plaintiff's Request for Production No. 19 demands production of "[a]ll internal communications of PVD Lender, including any member or employee, that discuss, refer to, and/or relate to NW5 from January 1, 2015 to present." (Filing No. 77-4 at CM/ECF p. 6). PVD objected to this request as overly broad, unduly burdensome, and not reasonably proportional to the needs of the case. Irrespective of the merits of Defendant's objection, the settlement agreement between Rayeman/NW5 and LNC and the underlying Equipment Purchase and License Agreement cannot be characterized as "internal communications of PVD Lender." Request No. 19 does not demand production of the Documents.

Request for Production No. 25 is a catchall request, asking PVD to produce "all documents that relate to, bear upon or provide evidence concerning any of the allegations or statements set forth in your Answer and Affirmative Defenses" to the extent such documents were not produced in response to other requests. (Filing No. 77-4 at CM/ECF p. 7). One paragraph of Defendant's Answer mentions the Rayeman/NW5—LNC settlement. That paragraph admits Plaintiff's allegation that PVD loan proceeds were used to pay settlement amounts owed by Rayeman/NW5 to LNC. (Filing No. 1, at CM/CEF p. 6, ¶ 34; Filing No. 32, at CM/CEF p. 5, ¶ 34). This admission cannot be construed as an allegation or statement in defense of Plaintiff's claims—the focus of Request No. 25. As to the denials and affirmative defenses in PVD's answer, there are no allegations mentioning or based on why Rayeman requested a loan from PVD or how the funds were used. As reflected in its answer, PVD has not alleged and does not believe that the Rayeman—LNC settlement, and any documentation of that settlement, is relevant to the claims in this lawsuit. For all these reasons, the court is not convinced that Request No. 25 required production of the Documents.

In summary, the court finds Defendant was not required to disclose the Documents as mandatory disclosures, and applying a common sense reading of Plaintiff's discovery requests, Plaintiff did not ask for the Documents.

Irrespective of whether Request Nos. 10, 19, and 25 demand Defendant's production of the Documents, Plaintiff knew the documents existed at the outset of this case, (Filing No. 1, at CMCEF p. 6, ¶ 34), but it never specifically requested them. If Plaintiff believed Requests 10, 19, and 25 demanded production of the Documents, when the documents were not produced in response to Plaintiff's discovery, Plaintiff was required to notify Defendant of that alleged deficiency, meet and confer with Defendant about the nonproduction, and seek court intervention if Defendant refused to produce them. Instead of doing so, Plaintiff did "not seek to compel PVD's discovery responses." (Filing No. 85 at CM/ECF p. 4).

Under the court's case management order, (Filing No. 37), the discovery deadlines[2] and the motion to compel deadline have expired.[3] Based on the evidence of record, the court finds Plaintiff did not request the Documents, with specificity, in its Requests for Production, and Defendant was not obligated to produce them as mandatory disclosures. The court further finds there is no good cause to reopen and reset either the discovery or motion to compel deadlines within the case management order. Plaintiff's claim that the Documents filed in Defendant's Supplemental Index in support of its reply, (Filing No. 82), must be stricken as untimely disclosed, and its alternative motion to reopen discovery, will both be denied. Plaintiff will, however, be granted leave to file a sur-reply.

---

[2] The undersigned has previously considered and denied a request by Plaintiff to extend progression deadlines to allow for issuance of subpoenas and for Plaintiff to conduct additional depositions. (Filing No. 66 (finding that Plaintiff had not shown good cause for why it had not previously pursued the discovery it sought.)).

[3] The deadline for filing motions to compel was November 14, 2022. (Filing No. 37)

7

Since the court finds Defendant did not violate the discovery rules by failing to previously disclose the Documents, the court must also deny Plaintiff's request for sanctions under either Federal Rule of Civil Procedure 37(c)(1) or its inherent powers.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to strike PVD's Index of Evidence (Filing No. 80; Filing No. 82), or in the alternative, to reopen discovery and stay a ruling on PVD's pending motion for summary judgment, (Filing No. 84), is denied.

2) On or before September 15, 2023, Plaintiff may file a surreply in opposition to Defendant's pending motion for summary judgment (Filing No. 68).  No further briefing will be allowed.

3) The trial and pretrial conference of this case and any associated deadlines for submitting pretrial conference documents are continued pending further order of the court.

September 8, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

8